WILLIAM GRAVETT *et al.*

*v.*

WILLIAM W. DAVIS.

PRACTICE IN SUPREME COURT—*appeals from Appellate Court.* The Supreme Court in appeals from the Appellate Court is prohibited from re-examining questions of fact, except in criminal cases, and cases involving a freehold, or a franchise, or the validity of a statute, and cases in chancery. The finding of the Appellate Court, except in the cases named, is final as to all controverted questions of fact.

APPEAL from the Appellate Court of the Fourth District; the Hon. TAZEWELL B. TANNER, presiding Justice, and the Hon. DAVID J. BAKER and Hon. JAMES C. ALLEN, Justices.

Mr. LESLIE DURLEY, and Messrs. CREBS & CONGER, for the appellants.

Messrs. BELL & GREEN, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought in the White circuit court by Davis against Gravett & Woodward, to recover money appellee had deposited with them as bankers. At the April term, 1878, of that court, a jury was waived by the parties and the cause was tried by the court by consent, when the court found for plaintiff and rendered a judgment in favor of him for $1216.05 and the costs of suit. An appeal was prosecuted to the Appellate Court for the Fourth District, and at the July term, 1878, the judgment of the circuit court was affirmed. Defendants thereupon perfected an appeal to this court and have assigned errors on the record.

On turning to the record we find it presents no questions of law, but simply questions of fact are urged for a reversal. Under the 89th section of the Practice act, (Sess. Laws 1877, p. 153,) we are, on appeals from the Appellate Court, prohibited from re-examining questions of fact except in criminal cases, and cases involving a freehold, or a franchise, or the validity of a statute, and cases in chancery. That section provides, that "the Supreme Court shall re-examine cases brought to it by appeal or writ of error as to questions of law only, and no assignment of error shall be allowed which shall call in question the determination of the inferior or Appellate Court upon questions of controverted fact in any case, excepting those enumerated in the preceding section." The excepted cases are those we have above enumerated.

The 87th section provides, that if any final determination

of any cause as previously specified shall be made by the Appellate Court, as the result wholly or in part of the finding of the facts concerning the matter in controversy different from the finding of the court from which such cause is brought by appeal or writ of error, it shall be the duty of such Appellate Court to recite, in its final order, judgment or decree, the facts as found, and the judgment of the Appellate Court shall be final and conclusive as to all matters of fact in controversy in such cause.

Thus it is seen that we are, in any event, prohibited in any case, leaving out the enumerated exceptions, from considering the facts. We are, as we have heretofore held, bound to take the finding of the court below as conclusive as to the facts of the case. When that court affirms the judgment we are precluded from examining the evidence to determine whether their finding is supported by the evidence. That is cut off by these sections of the Practice act. We are therefore unable, if we would, to examine the evidence to determine whether it required or justified the Appellate Court in affirming the judgment of the circuit court.

Tl e judgment of the court below is therefore affirmed.

*Judgment affirmed.*